**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| JAMARR WEST<br>221 E. 30TH STREET<br>LORAIN, OH 44052<br><br>    *Plaintiff,*<br><br>-vs-<br><br>HENRY LAURENDEAU<br>ALI SABEIHA<br>(INDIVIDUALLY AND IN HIS OFFICIAL<br>CAPACITIES AS EMPLOYEES OF THE CITY OF<br>ELYRIA AND ELYRIA POLICE DEPARTMENT)<br>C/O CITY OF ELYRIA<br>18 WEST AVE,<br>ELYRIA, OHIO 44035<br><br>AND<br><br>CITY OF ELYRIA<br>131 COURT ST,<br>ELYRIA, OHIO 44035<br><br><br>    *Defendants.* | CASE NO.<br><br>JUDGE<br><br><br><br>**PLAINTIFFS' COMPLAINT**<br><br><br><br><br>**JURY DEMAND ENDORSED**<br>**HEREON** |

GENERAL ALLEGATIONS

1. Plaintiff, JaMarr West (hereinafter "Mr. West"), is an individual and at all times relevant, is a resident of the City of Elyria, in Lorain County, Ohio.

2. Defendant Henry Laurendau (hereinafter "Officer Laurendau or Laurendau or Defendant") is an individual resident of Lorain County, and is employed by the Elyria Police Department. At all relevant times, Officer Laurendeau acted under color of state law and in his capacity as a Elyria police officer.

3. Defendant Ali Sabeiha (hereinafter "Officer Sabeiha" or Sabeiha or Defendant") is an individual resident of Lorain County, and is employed by the Elyria Police Department.

At all relevant times, Officer Sabeiha acted under color of state law and in his capacity as a Elyria police officer.

4. Defendant the City of Elyria is a governmental entity existing under the laws of the State of Ohio with authority overseeing the Elyria Police Department, Officer Laurendeau, and Officer Sabeiha in their official capacity a Elyria police officers.

5. The Elyria Police Department is a governmental entity with authority overseeing, Officer Laurendeau, and Officer Sabeiha in their official capacity as Elyria police officers.

6. At all relevant times, Defendant City of Elyria and Elyria Police Department are liable to Mr. West for the injuries he sustained under the theory of "respondeat superior" in connection with the conduct if its employees.

7. At all times, the aforementioned Defendants acted within the city limits of Elyria, in violation of 42 USC § 1983, federal, and other state level offenses which caused Mr. West to sustain injury.

## JURISDICTION AND VENUE

8. This court has jurisdiction over these claims pursuant to 28 USC §§ 1331, 1367, 2201, 2202, and 42 USC § 1983.

9. Venue is properly laid in this court pursuant to 28 USC §1391(b), as the Defendants reside in, and the claim arose in the Northern District of Ohio.

## FACTUAL ALLEGATIONS

10. Plaintiff alleges each allegation contained in paragraphs 1 through 9 as if the same were fully restated herein.

11. On or about the evening of July 31, 2024, Defendants Laurendau and Sabeiha were dispatched to 696 Lucille Drive in Elyria, Lorain County Ohio.

12. When Defendants Laurendau and Sabeiha arrived on location, the two came into contact with Plaintiff Mr. West as he was parked in the driveway seated in the driver seat of his vehicle.

13. Defendants Laurendau and Sabeiha subsequently conducted a short investigation to substantiate a call for police assistance.

14. As a result of their investigation, Defendants Laurendau and Sabeiha detained Mr. West.

15. While Defendants Laurendau and Sabeiha were detaining Mr. West, Mr. West was not armed, he was not acting violent, he was cooperative, and did not resist Laurendau's or Sabeiha's detainment with any substantial force.

16. While detaining Mr. West Officer Sabeiha grabbed Mr. West and held his body in a stationary position.

17. While Officer Sabeiha held Mr. West's body in a stationary position, Officer Laurendau grabbed and twisted Mr. West's arm behind his back with such force that the force caused Mr. West's arm to break.

<u>COUNT ONE 42 USC § 1983 VIOLATION OF THE FOURTH AMENDMENT</u>
<u>EXCESSIVE FORCE</u>

18. Plaintiff alleges each allegation contained in paragraphs 1 through 17 as if the same were fully restated herein.

19. On July 31, 2024, Defendants Laurendau and Sabeiha were acting under color of state law and in their capacity as Elyria police officers when they made contact with Mr. West.

20. While Defendants Laurendau and Sabeiha were detaining Mr. West, Mr. West was not armed, he was not violent, he was cooperative, and did not resist detainment with any substantial force.

21. The force Defendants Laurendau and Sabeiha used to detain Mr. West was unreasonable in relation to any resistances Mr. West used to resist detainment.

22. The unreasonable force Defendants Laurendau and Sabeiha used to detain Mr. West caused Mr. West to sustain injuries including a broken arm.

## COUNT TWO AND THREE 42 USC § 1983 VIOLATION OF FOURTH AMENDMENT FAILURE TO TRAIN, FALURE TO SUPERVISE

23. Plaintiff alleges each allegation contained in paragraphs 1 through 22 as if the same were fully restated herein.

24. On July 31, 2024, Defendants Laurendau and Sabeiha were acting under the color of law and within the course and scope of their employment with the Elyria Police Department and Defendant City of Elyria when they made contact with Mr. West.

25. The Elyria Police Department and Defendants Laurendau have a history of excessive force violations.

26. In September 2021, Officer Laurendeau was placed on paid administrative leave following a violent interaction during an arrest on Melvyn Lane.

27. In August 2022, Officer Laurendeau was involved in an incident regarding a car gathering after which, Officer Laurendeau was investigated for using excessive force.

28. The City of Elyria and the Elyria Police Department has been placed on notice of Elyria police officers past use of excessive force in the following cases: Jones v. City of Elyria, 947 F.3d 905 (6th Cir. 2020); Price v. City of Elyria, No. 1:24-cv-1707-PAB, 2025 LX 465174 (N.D. Ohio Sep. 25, 2025); and Hale v. Ashley, No. 1:14 CV 639, 2014 U.S. Dist. LEXIS 110066 (N.D. Ohio Aug. 8, 2014).

29. Following an internal investigation that concluded in 2024, Elyria's Police Chief William Pelko determined that 3 Elyria Police officers violated departmental policies and used

4

excessive force when officers Paige Mitchell, Colty Hersh, and Chris Lewis entered the home of Raul Ortiz tased and arrested him with probable cause of a warrant.

30. There is no indication that the officers involved in the aforementioned cases or investigations have subsequently received adequate excessive force training.

31. Several of these officers remain employed my Elyria Police Department.

32. These cases and this conduct prove that the City of Elyria tolerates a custom of excessive use of force by its police officers.

33. This conduct by the City of Elyria and the Elyria Police Department Defendants has caused Mr. West to suffer harm.

## COUNT FOUR INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

34. Plaintiffs allege each allegation contained in paragraphs 1 through 33 as if the same were fully restated herein.

35. Officers Laurendau and Sabeiha have a duty to uphold the laws of Ohio and the laws of the United States when interacting with individual citizens.

36. Officers Laurendau and Sabeiha owed a duty to Plaintiff to follow Fourth Amendment protections when encountering the Plaintiff on July 31, 2024.

37. Officers Laurendau and Sabeiha breached their duty to Plaintiff when they committed Fourth Amendment violation when the used excessive force to detain Plaintiff.

38. Officers Laurendau's and Sabeiha's breached was the proximate and cause in fact of Plaintiff's injury.

39. Officers Laurendau's and Sabeiha's constitutional violations amount to outrageous conduct.

5

40. Officers Laurendau and Sabeiha conduct caused Plaintiff to suffer severe emotional distress.

**WHEREFORE,** Mr. West respectfully prays for judgment in his favor and against Defendants jointly and severally in the amount in excess of 75,000 seventy-five thousand dollars plus attorney's fees, costs and fees and any other relief the court deems necessary.

Respectfully submitted,

**ALEX BODIFORD**

___/s/_____*Alex bodiford*_____
Alex Bodiford
DBS LAW P.L.L.C.
4501 Woodward Ave., Suite 101B-243
Detroit, MI 48201
Phone: 216-525-9982
Email: attorneyalexbodiford@gmail.com

___/s/_____*Dan Smith*_____
Dan Smith
DBS LAW P.L.L.C.
4501 Woodward Ave., Suite 101B-243
Detroit, MI 48201
Phone: 216-525-9982
Email: dbsmith.esq@gmail.com

## JURY DEMAND

Plaintiffs respectfully request and demand that the above causes of action be tried by a jury.

Respectfully submitted,

**ALEX BODIFORD**

___/s/_____*Alex bodiford*_____

Alex Bodiford
DBS LAW P.L.L.C.
4501 Woodward Ave., Suite 101B-243
Detroit, MI 48201
Phone: 216-525-9982
Email: attorneyalexbodiford@gmail.com

___/s/_____*Dan Smith*_____

Dan Smith
DBS LAW P.L.L.C.
4501 Woodward Ave., Suite 101B-243
Detroit, MI 48201
Phone: 216-525-9982
Email: dbsmith.esq@gmail.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing *Complaint* will be served as soon as the summons is available on the following persons by certified mail, return receipt requested. The City of Elyria Law Director is counsel for the City of Elyria and the Elyria Police Department.

**AMANDA R. DEERY**
**ELYRIA LAW DIRECTOR**
131 COURT STREET
ELYRIA, OHIO, 44035

**HENRY LAURENDEAU**
**ALI SABEIHA**
**ELYRIA POLICE DEPARTMENT**
18 WEST AVE,
ELYRIA, OHIO 44035

Respectfully submitted,

**ALEX BODIFORD**

___/s/_____*Alex bodiford*_____
Alex Bodiford
DBS LAW P.L.L.C.
4501 Woodward Ave., Suite 101B-243
Detroit, MI 48201
Phone: 216-525-9982
Email: attorneyalexbodiford@gmail.com

___/s/_____*Dan Smith*_____
Dan Smith
DBS LAW P.L.L.C.
4501 Woodward Ave., Suite 101B-243
Detroit, MI 48201
Phone: 216-525-9982
Email: dbsmith.esq@gmail.com

8